If it may please the court, I am Barbara Darnell, and I'm representing the plaintiff, William Bolanos. Judge, what we have before I say that, I'm requesting about two to three minutes for rebuttal. What we have here is a very unfortunate situation in the sense that when we briefed this matter, we had no real case law to rely on. So we were basically acting from whatever we could have found at that time. Consequently, the government, of course, I'm sure they wrote a much better brief than we did. But the facts are clear as to what occurred in this particular case. Counsel, let me just stop you there because if the crime of conviction is categorically an aggravated felony and it qualifies under either 18 U.S. Code Section 16a or 16b, then the specific facts wouldn't matter. So I'd appreciate your addressing why this crime doesn't fit the definition of at least 16a as to a threatened abuse of force. Judge, I appreciate your comment. And that is what my problem is with this case. The plaintiff was convicted of merely brandishing a firearm. And based upon what we know is that brandishing a firearm, there would be no use of force. Active force must be used pursuant to 16a. There was no use of force. But the statute says that the threatened use of force against another human being counts. It doesn't have to be an actual use of force. Well, Judge, then, should we be looking at the mens rea? An offense is not a crime of violence. Why would we look at the mens rea? Because it is possible that he could have committed the crime with just mere negligence or recklessness, which appears to be what has happened here. Let's take, for example, the occult, the Ashcroft, 543 U.S., 2004. In that particular case, we had a person who drank, drove, and actually killed somebody, and the court found that it was recklessness. What I have found in dealing with the other cases is that there was an underlying commission of a crime. In this particular situation, there was no crime committed, except that he was convicted of a crime. Yes, he was. You're not challenging the validity of the conviction. No, no, Judge. Okay. I'm just saying that in the other cases, there was an ongoing commission of a crime that led to the other conviction. But, see, the statute requires that the person either draw or exhibit a firearm in a threatening manner, and that it actually cause a reasonable person to be afraid for their own safety. I mean, I'm paraphrasing, but how is that done negligently? How do you threaten someone with a firearm negligently? If, for example, let's go to the real issue here as to brandishing, what brandishing actually means. According to U.S. V. Mormon, Cal 6, 2000, brandishing is flourishing the weapon, or it could be mere showing, or it could be mere, merely flashing. But the statute of conviction says it has to be done in a threatening manner, doesn't it? It says so, and that is what is wrong here. If the person brandishes, and we're going to go within the plain meaning of what U.S. V. Mormon says. Except that the statute doesn't use the term brandishing. Judge Rawlinson is correct. It says draws or exhibits a firearm in a threatening manner. But, Judge, this is the reason why I am asking for this case to be looked at under the divisible statute. Because if we were to use the categorical approach, what is going to be happening here is this. All felonies, as long as it's a firearm conviction, is a crime of violence. So without any reason or rhyme to reason, we have a crime of violence which is automatically an aggravated felony under 16 A and B. That is what we're trying to prevent here. We cannot lump every felony conviction, as long as it's a firearm, under the same pretext. Why do you think this is a divisible statute? Well, because the statute is broader, or we can have conduct within the state statute that does not definitely come within the confines of the federal statute. Like, for example, this particular situation. There does not need to be any force at all in the commission of this crime. Right. And what in 16 A requires the actual use of force in your view? Looking at the text of 16 A, which says an offense that has as an element the use, attempted use, or threatened use of physical force, doesn't seem to require actual use. Well, if we were to compare Leopold, a crime of violence under 16 A must include a determination that force is an element of the crime. Force here is not an element of this crime. Judge, let's put it this way. Let's use the word brandishing and look at the elements in 16 A. Brandishing, attempted brandishing, threatened brandishing of physical force is an element. I mean, what I'm actually saying, all the person has to do, these were kids driving down the road, they were racing each other, and all a person had to do is to just lift an item, could be a gun or anything else. The other person called the police and said, somebody has a gun. But that contact that you just described would not meet the elements that are described in the state statute. That's what I'm saying. But you're not challenging the validity of the conviction. I mean, I hear what you're saying. Maybe what you're saying is that what my client did doesn't really constitute a violation of 417.3, but that issue is not before us, right? That issue is not before you. That is correct. Okay. But so just let me, look, the conduct you described, two cars driving down and one guy in one car just sticks a gun out, holds it up in the air, right? That's the conduct you just described. That does not violate the terms of the statute because the firearm has to be drawn or exhibited against another person in a threatening manner. And the conduct you just described, I agree with you. It doesn't fit the statute at all. And the judge, unfortunately, my client pled to that count, which is the major problem here because the full force of the record dictates, everything in the conviction dictates that there was no force there. But we can't, we don't look at the individual facts. You cannot look behind the record. Correctly. Correctly so. However, we still have a new case, Descamps, that says that you can follow the categorical approach and also the modified categorical approach in divisible statutes. And if we're saying that the statute is overbroad, then it would allow the court to get there. What I'm actually, when we look at PC 4.8, which says that that crime in itself is a crime of violence, purposely so. Because if you're going to be resisting an arrest while having a firearm, yes, that's a crime of violence. But how do we actually reason 417.3 as equating to 47.8? Counsel, I think we understand your position. You have less than a minute left for rebuttal, if you'd like to save that time. I'll save that time, Judge. Thank you. Thank you. May it please the Court. Rebecca Hoffbert Phillips on behalf of the United States Attorney General. I'd like to clarify some things in this case. I think some things are getting muddled. This Court has a few options. It could find that the petitioner has not met his burden of proof to show that this crime is not a crime of violence. Or it could find that the crime is a crime of violence under 16a and or 16b. The reason why this Court need not actually find whether it is a crime of violence is because petitioner is undisputedly removable as an alien convicted of a firearm offense, not as an alien removable as an aggravated felony. There's no question that this offense involved a firearm. It's clearly stated in the statute. But he's taking cancellation and being a firearm conviction doesn't necessarily. It was a slightly different inquiry. Well, what he has to show for cancellation is that he hasn't been convicted of an aggravated felony, which is why he has to show he hasn't been convicted of a crime of violence. I'm just trying to point out that the government already met its burden on removability, and this is a cancellation application. And the reason why I cited 28J, the case of Young in my 28J letter, is because this Court recently clarified that the alien bears the burden of proof when there's an offense that is a disqualifying offense. If the burden of proof were on the government for removability, the government would show that removability by clear and convincing evidence. Would you go directly, though, to the question of how to analyze this statute of conviction under 16A? Absolutely. So under 16A, as you pointed out a few times, no actual use of force is required, only the threatened use of force because it could be the use or the threatened use of force. Specifically, it has as an element the threatened use of physical force against another person. And the reason why it does is because you are placing a person in a reasonable fear of harm or apprehending harm by the use of a firearm. And I pointed out that this Court has a lot of precedent on that issue when it comes to placing someone in fear of harm, particularly when a weapon is involved. And it involves the element of the threatened use of force under the Meltzer, I'm sorry, it's called Meltzer-Messino. It basically deals with a menacing situation. In that case, actually, there wasn't a firearm involved, but you're placing someone in fear of harm. The difference in that case is that the menacing statute required knowingly placing the person in fear of injury. And we don't have that, as Counsel pointed out, we don't have that mens rea in this particular statute. So does that make a difference in terms of whether or not the statute is overbroad? No. What I want to point out is that this is a general intent crime, and the intent is to brandish a firearm in a manner that places a person in fear of harm, basically. So what this Court sort of implied for a moment in Flores-Lopez is that somehow a general intent crime on its own can't be a crime of violence. And that actually is contradicted by other cases. I don't think Flores-Lopez meant to go so far as to say that, because clearly a general intent crime, such as the one in Gragida, actually, that was criminal assault, is the same idea, where you have an intent to do something like brandish a weapon. That is an intent to do something. That can't be done recklessly or negligently. You intend to show your weapon, however you want to define brandish, draw or exhibit, is how they define it, in a threatening manner. It has to be done in a threatening manner. Counsel keeps trying to say this is simple brandishing. This isn't simple brandishing. He wasn't charged with simple brandishing under 417. That is a misdemeanor offense that could be done in a rude or angry manner. And I think that's the key. The offense conduct that counsel described, it doesn't sound like there was any intent to do. Counsel wants this court to get to the underlying facts of this case. She's basically said so. Let's say that I intentionally draw the weapon. You say, well, the statute requires it to be in a threatening manner. But that could just be from the perception of the victim's standpoint. It doesn't have anything to do with the defendant's intent. Because it says the reasonable person would fear the harm under those circumstances. The statute focuses on the victim's point of view, not what the defendant intended. And that's why I think it's distinguishable from the case that you were discussing with Judge Rawlinson. That's correct. Well, first of all, Your Honor, one thing that the defendant could do under the categorical approach is try to show under Duenas-Alvarez that there's a realistic probability that his offense would be, that the state would apply that type of reasoning. That that is the type of offense that would not be a crime of violence that would be prosecuted by the state in that manner. That there could be a factual scenario where there isn't a crime of violence. And he hasn't shown that. The Duenas-Alvarez inquiry is different than the modified categorical approach. I want to make that clear. The Duenas-Alvarez inquiry allows the petitioner to show hypothetical, factual scenario that this offense could be committed in a way that doesn't involve the threatened use of force. Or that the jurisdiction has actually prosecuted a case. Yes. Yes, Your Honor. And he has not done that. And that's where I wanted to take this court back to showing the burden of proof issue as well. Because that is his burden as a cancellation applicant in this particular circumstance where removability is not an issue. He has to show that realistic probability that the state would prosecute an offense in that way under the terms of the statute, not looking at the facts of his conviction. Okay, but why can't he, why isn't it enough to say look at my case? What more proof do you need? Because under the, first of all, he is challenging whether his personal conduct falls within that statute. That's not for this court to decide. He was convicted under that statute. But that's an example of the jurisdiction actually prosecuting someone under circumstances that may be overbroad, isn't it? Well, I understand what you're saying, that you could, by looking at his own facts. But the problem is that you're looking into what, you're still looking into what a generic offense entails under the category. There is some, I understand the court's confusion. In terms of the categorical approach, and the court, the Supreme Court wants to very, very much limit the modified categorical approach. Doesn't want to look at the facts of the case, and here you have. Right, but you just told us that's a different inquiry than the categorical approach. That's a different inquiry to determine whether or not the statute is overbroad. You can look at facts to determine whether or not there is a possibility of an overbroad reading or if the jurisdiction has in fact a case that may not meet the generic definition. Right. Well, but in his particular case, he hasn't shown, basically he's trying to look at facts in his case. But what he has to show is that from a more of a generic hypothetical standpoint, because we're still within the categorical approach, so I, a lot of times Duenas-Alvarez sort of applies, for example, she even cited the case in her 20HA in a crime involving moral turpitude where you're trying to define something that's a little more amorphous. And you're looking, for example, she cited a case where kidnapping couldn't be a crime involving moral turpitude necessarily because the state had applied a kidnapping statute where an uncle had taken his niece home. And so it wasn't morally turpitudinous. He was returning a family member to the family. That wasn't a crime involving moral turpitude, but it was kidnapping. And so that was an instance where the petitioner pointed to a situation where hypothetically under the statute of kidnapping, this is a scenario that could happen. Well, it's not even hypothetical, though. Right. Well, that's what I'm saying. So he says, look at my case. It's no longer hypothetical. I got convicted under the statute for doing X, Y, and Z, which, again, if you look at the offense conduct that counsel described, doesn't meet the definition of a crime of violence at all, right? Right. But it's still not exactly about establishing what a particular person did. I understand there's this sort of tension in that. But the problem is that it's still about the particular statute at issue and the type of conduct contemplated by the statute. So for a kidnapping statute, you can imagine all these different scenarios of who kidnapped who and who did what. When you're brandishing a weapon, a firearm, in a threatening manner against a person causing them a fear or apprehension of harm, then you are not, there's not all these hypothetical ways that you, he wasn't convicted of joyriding. He wasn't convicted of holding his weapon in the air. He wasn't convicted of I was looking cool with my new gun. He wasn't convicted of any of those things. He wasn't convicted of holding his gun in a threatening manner in a moving motor vehicle. Okay. But let's just say that instead of focusing on his case, right, let's say he had pointed to some other person who had done, who had just been riding down the street and held the gun out of the car like that and got convicted under this statute, right? They would need to challenge that if those, if the facts are so extreme that they wouldn't fall under the statute, that it's impossible to sort of vacate her in the criminal court because if that conduct doesn't, let me just forget about his case. He's pointing out to other people's convictions in the past and he's saying, but he hasn't though. I'm just trying to put out a hypothetical. Okay. So he shows that people who do things that are similar to what we've defense conduct described here actually do get convicted under the statute, not withstanding that what otherwise looks like pretty clear language, right? Because I would agree with you that the defense conduct that counsel described doesn't meet the elements. But if he's able to point to other cases in which, hey, you know what, notwithstanding that clear language, people are getting convicted for doing things that don't amount to a crime of violence, you would say that he would have met his burden, right? Well, Your Honor, we don't know for a fact whether or not his, I mean, he's pointing to, first of all, he's pointing to a sheriff department report in the record. I want to point out. That's not the question. The question is if, hypothetically, he could point to cases of conviction in the state where people had been convicted under this statute for offenses that did not involve the conduct that we have here. If somebody just pointed the gun straight up in the air without threatening, and there were cases on the record that showed that there had been convictions on those facts, you would agree, wouldn't you, that the statute would be overbroad at that point if there were actually cases on the record where people had been convicted without brandishing the weapon in a threatening manner? Well, it sounds to me like that would be a wrongful conviction. It sounds to me like there couldn't be. You're really fighting the hypothetical. It doesn't hurt you at all to say yes. There's nothing in this record that shows that it's ever been applied in that way. Yes. Your Honor, I guess what I'm trying to point out is that, you know, some people are wrongly convicted. Some people have bad attorneys, and they get convicted under a statute that they shouldn't have been convicted under. And so, yes, there might be technically convictions that exist that don't match the statute. We don't know why they pled to something. Maybe they pled down from something. These are all factual inquiries. This is exactly what the Supreme Court is trying to avoid in terms of looking... No, that's not true, because you don't do that in the categorical analysis. You're doing that in the over-breath analysis to see how the statute's been applied. So that's not prohibited under the Supreme Court's precedent on the Taylor analysis. As you said, that's a different analysis. Yes, Your Honor. You're absolutely right. In the categorical approach, you're just looking at the elements of the statute. Counsel, you have exceeded your time, and we've taken some of it with questions, but I think we understand the government's intention. Thank you. And unless the Court has any further questions, the government will rest on its brief. Thank you. You have a bit of rebuttal time remaining. Thank you, Your Honors. First, I had asked in a 28-J motion for an opportunity to supplement my brief based upon desk camps that was just published three weeks ago. I think it does have some merit and could help our case. In addition, as it pertains to whether we could have shown another conviction in our circuit as it pertains to immigration consequences where the crime of violence is concerned with brandishing a weapon, we could not find any such case. So it's not because we did not want to submit such a case. There was none. Secondly, or thirdly, I should say, we would like the judge to or the judges to look at this Kidmore framework as it pertains to the Board of Immigration decision and to find it unpersuasive as to whether they were thorough enough by not going to the modified categorical approach. Thank you, counsel. The case just argued is submitted. We appreciate very much the arguments of both counsel. We will now adjourn and we will return in a few minutes.
judges: Graber, Rawlinson, Watford